UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VASILIKE SAWYER, | ) |
|           Plaintiff, | ) |
| v. | ) Docket No. 1:13-cv-00269-GZS |
| UNITED PARCEL SERVICE, INC., and FEDERAL EXPRESS CORPORATION, | ) |
|           Defendants. | ) |

**ORDER ON MOTION TO DISMISS AND
MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Federal Express Corporation's ("FedEx") Motion to Dismiss (ECF No. 13), its associated Motion for Oral Argument (ECF No. 15), and Defendant United Parcel Service, Inc.'s ("UPS") Motion for Judgment on the Pleadings (ECF No. 16). Both FedEx and UPS seek the dismissal of the negligence claims stated against them in Plaintiff Vasilike Sawyer's ("Sawyer") Complaint. After the motions seeking dismissal were fully briefed, FedEx moved to strike the declaration and attached materials of Dr. William Marletta (ECF No. 22). For reasons explained herein, the Court GRANTS IN PART and DENIES IN PART FedEx's Motion to Dismiss (ECF No. 13), GRANTS IN PART and DENIES IN PART UPS's Motion for Judgment on the Pleadings (ECF No. 16), and GRANTS FedEx's Motion to Strike (ECF No. 22).[1]

**I. STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the

---

[1] In accordance with District of Maine Local Rule 7(f), the Court has determined that this matter can be decided without oral argument, and thus DENIES FedEx's Motion for Oral Argument (ECF No. 15).

1

claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). The Court assumes the truth of the Complaint's well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted). A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiffs must include enough facts supporting a claim for relief that "nudg[e] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Rule 8 signifies "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. Similarly, a motion for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c) is treated like a Rule 12(b)(6) motion to dismiss. Portugués-Santana v. Rekomdiv Int'l Inc., 725 F.3d 17, 25 (1st Cir. 2013).

## II. BACKGROUND

This matter is before the Court based on diversity jurisdiction: Plaintiff Vasilike Sawyer ("Sawyer") is an individual residing in the state of Maine, and she brings a claim for over $75,000.00 against Defendants UPS, an Ohio corporation with its principal place of business

outside of Maine, and FedEx, a Delaware corporation with its principal place of business outside of Maine. In her Complaint, Sawyer brings a single cause of action for negligence against UPS and FedEx. Sawyer alleges that UPS and FedEx negligently placed their drop boxes in a manner that forced pedestrians to encounter a hazardous condition, and that she suffered injuries as a proximate result of Defendants' negligence.

Specifically, Sawyer states that at some time prior to June 1, 2011, UPS and FedEx placed drop boxes on a public sidewalk located adjacent to Franklin Street in Ellsworth, Maine. (Compl. (ECF No. 1) ¶ 7.) Sawyer claims that on June 1, 2011, she tripped and fell on "an unreasonable tripping hazard" – a defective border section of the sidewalk that consisted of uneven bricks. (Id. ¶ 15.) Sawyer asserts she was forced to walk on the border section in order to avoid the UPS and FedEx drop boxes. (Id. ¶16.) Moreover, Sawyer maintains that because of their improper placement, she had to visually monitor the drop boxes' location which distracted her from monitoring the condition of the sidewalk area where she was walking. (Id. ¶ 17.) Upon falling, Sawyer struck her head on the sidewalk and sustained a closed head injury "of a temporary and permanent nature." (Id. ¶ 19). Sawyer indicates that she has lost income and incurred medical expenses as a result of her injury. (Id. ¶ 20.)

According to Sawyer, UPS and FedEx owed her the following duties: (1) a duty of reasonable care to evaluate whether or not the placement of their drop boxes was safe prior to placing them; (2) a duty not to obstruct the sidewalk's walking area or to expose pedestrians to unreasonable dangers; and (3) a duty to periodically inspect the area around the drop boxes to determine whether there were hazardous conditions in the vicinity of the drop boxes. (Id. ¶¶ 8-10). Sawyer argues that UPS and FedEx breached these duties by: (1) allowing their drop boxes to unreasonably obstruct the pedestrian walkway on Franklin Street; (2) placing their drop boxes

on Franklin Street in such a way that pedestrians were forced to walk on the sidewalk's deteriorated edge, thereby creating an unreasonable risk of injury; and (3) failing to periodically inspect the location of their drop boxes and by failing to notify the sidewalk's owner of the need to repair the defective conditions. (Id. ¶¶ 11-13).

In its Motion to Dismiss (ECF No. 13), FedEx asks this Court to dismiss Sawyer's Complaint on two grounds. First, FedEx claims that no duty arose when FedEx placed its drop box on a public sidewalk. To that end, FedEx asserts Sawyer fails to plead sufficient facts that it could have reasonably foreseen she would trip on the defective border section. FedEx argues "[s]he does not allege that FedEx created the defect or observed the defect prior to or while installing its drop box, nor does she aver that the defect existed when the drop box was installed." (FedEx Mem. of Law in Support of its Mot. to Dismiss (ECF No. 14) at 5). FedEx claims that, by asserting FedEx had an ongoing duty to monitor the sidewalk's condition and alert the owner to the need for repairs, Sawyer attempts to plead constructive knowledge of the defect – a duty that does not exist under Maine law. (Id.)

Second, FedEx claims that even if Sawyer's Complaint survives the duty analysis, its placement of the drop box did not proximately cause Sawyer's injuries. FedEx claims that Sawyer's Complaint is deficient because Sawyer's "factual assertions indicate her injuries did not arise from direct contact with FedEx's drop box, but rather from being forced to encounter a separate risk in order to avoid contact with the drop box." (Id. at 7.) FedEx argues that Sawyer does not plausibly allege that it could have reasonably foreseen that its drop box placement would force pedestrians to the edge of the public sidewalk. Even if Sawyer does sufficiently plead that FedEx could have reasonably foreseen this issue, FedEx argues that the Complaint "does not aver explicitly that the hazardous condition of the sidewalk was not an intervening,

superseding cause of her accident … [or that] FedEx could have anticipated or reasonably foreseen the deteriorated condition of the sidewalk." (Id. at 8-9.)

In its Motion for Judgment on the Pleadings, UPS recites Sawyer's theories of negligence: "(1) Negligent placement of its drop box in a location that exposed the plaintiff to the City's tortious conduct; and (2) negligent failure to inspect the sidewalk and inform the City of its defective condition." (UPS Mot. for J. (ECF No. 16) at 3). UPS concedes that in certain instances a non-possessor of land "who negligently creates a dangerous condition thereon may be liable to those who suffer reasonably foreseeable harm caused by the condition created by the non-possessor." (Id. at 5) (citing Colvin v. AR Cable Services – ME, Inc., 697 A.2d 1289, 1290 (Me. 1997)). Seeking to factually distinguish Colvin from the instant case, UPS asserts "[i]f Sawyer had tripped on UPS's drop box, causing her injury, Colvin might have supported a negligence claim against UPS." (UPS Mot. for J. at 4.) Notwithstanding Colvin's articulation of non-possessor liability, UPS claims that as a non-possessor of land it owed no duty to Sawyer, the public at large, or the possessor (the City of Ellsworth) to discover and warn of a danger it did not create. (Id. at 5.)

Moreover, UPS asserts that Sawyer's well-pleaded allegations do not permit a finding that UPS was the proximate cause of her injury. UPS explains that this is because Sawyer alleges "her injury was caused by the defective sidewalk" rather than "a hazard created by UPS." Id. at 7. Indeed, Sawyer alleges that it was "UPS's placement of the drop box [which] exposed her to a hazard caused by someone else." (Id.) Without the City of Ellsworth's failure to maintain its sidewalks, UPS argues, Sawyer's injury would not have occurred. (Id. at 8.) Finally, UPS indicates that Sawyer does not specifically plead that her injury would have occurred but-for UPS's allegedly negligent placement of the drop box. As such, UPS argues it would be

5

speculative to conclude that its placement of the drop box was the proximate cause of Sawyer's injury.

In her Response to both Motions, Sawyer argues that by placing their drop boxes on a public sidewalk, FedEx and UPS incurred two duties: to avoid unreasonable interference with pedestrian traffic and to periodically assess the safety of the area surrounding their drop boxes. Sawyer states that both foreseeability and policy considerations inform whether a duty is owed. (Pl.'s Resp. (ECF No. 17) at 4.) Sawyer posits that if a duty of care was not imposed on those who "place[] large objects that obstruct a public sidewalk in whole or in part … then someone could completely block a sidewalk with drop boxes (or other objects) and force pedestrians out into the road at their peril," or "a package delivery company could locate its box next to a hole in the sidewalk, and when someone fell in the hole during an attempt to use the box during the night, no liability would ensue." (Id. at 5.) Sawyer states that the drop boxes "narrowed the available width of the sidewalk creating an unreasonable risk of hazard to the pedestrian." (Id. at 5-6) (citing Decl. of Dr. William Marletta (ECF. No 17-1) at 5.)[2] Additionally, Sawyer argues that Illinois Appellate Court's decision in Friedman v. City of Chicago, militates in favor of imposing both the aforementioned duties. 777 N.E.2d 430, 433 (Ill. App. 3d 2002) (citations omitted).

Because questions of fact remain regarding whether FedEx's and UPS's negligence caused her injuries, Sawyer argues that the Court should not dismiss her Complaint. Specifically, Sawyer contends that the Law Court's decision in McIlroy v. Gibson's Apple Orchard, 43 A.3d 948 (Me. 2012), demonstrates that the alleged negligent act need not serve as the physical force of the injury-producing event. (Pl.'s Resp. at 11.) Any negligence of the

---

[2] For reasons stated below, the Court will not consider Dr. Marletta's affidavit and supporting materials, but confines its deliberation to the four corners of Sawyer's Complaint.

sidewalk's owner does not supersede the negligence of FedEx and UPS, Sawyer argues, because it is reasonably foreseeable that pedestrians will encounter their drop boxes on a daily basis and that their presence will compel pedestrians onto the sidewalk's deteriorated edge.

## III. DISCUSSION

Initially, the Court notes that in deciding the pending Motion to Dismiss and Motion for Judgment on the Pleadings, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Narrow exceptions have been made "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to [a plaintiff's] claim; or for documents sufficiently referred to in the complaint." (Id.) FedEx objects to the introduction of Dr. William Marletta's Declaration, its attached materials, and any portions of Sawyer's Response that rely upon the Declaration, arguing that the assertions made therein are not contained in the Complaint. In short, the Court finds that Defendants would suffer unfair prejudice if it were to consider the Marletta materials without being afforded a sufficient opportunity to respond. The Court agrees that the introduction of said materials do not fall within any of the above-outlined exceptions and, accordingly, FedEx's Motion to Strike (ECF No. 22) is GRANTED.

Under Maine law, a case of negligence requires a plaintiff to establish four elements: duty, breach, causation, and damages. Reid v. Town of Mt. Vernon, 932 A.2d 539, 544 (Me. 2007). Whether a duty of care exists is a question of law, Pelletier v. Fort Kent Golf Club, 662 A.2d 220, 222 (Me. 1995), whereas the question of causation is generally one of fact to be determined by the fact-finder. McIlroy, 43 A.3d at 951. To impose premises liability, Maine law

generally requires that the defendant both possess and control the premises. Quadrino v. Bar Harbor Banking & Trust Co., 588 A.2d 303, 304-05 (Me. 1991).

However, a non-possessor may be liable for reasonably foreseeable harms caused by a dangerous condition that it created on another's property. See Colvin, 697 A.2d at 1290. "The reasonable foreseeability of injury to others from one's acts or from one's failure to act raises a duty in law to proceed in the exercise of reasonable care. It is not necessary that the precise type of injury be foreseen nor the specific person injured." Id. (quoting Quinn v. Moore, 292 A.2d 846, 850 (Me. 1972)). Similarly, the Law Court has held that a non-possessor defendant who removed and replaced hotel awnings owed a duty to the plaintiff and other hotel patrons "to not cause an unreasonably dangerous condition through his work on the awnings." Quirion v. Geroux, 942 A.2d 670, 673 (Me. 2008). Ultimately, the Quirion Court concluded summary judgment was properly granted in favor of the non-possessor defendant because the evidence generated no genuine issue of material fact that he breached that duty, or that any such breach caused the plaintiff's injuries.

For the purpose of resolving the instant motions only, and being mindful that it must draw all reasonable inferences in Sawyer's favor, the Court finds that the Complaint plausibly alleges the sidewalk's border section was deteriorated and consisted of uneven bricks *at the time* defendants placed their drop boxes on the sidewalk. (See Compl. ¶ 12) ("UPS and FedEx breached their respective duties of care by placing their drop boxes… in such a manner that pedestrians were forced to walk on a deteriorated edge… .") Put another way, the Complaint plausibly characterizes a dangerous condition existed – and thus the danger it presented was reasonably foreseeable – when FedEx and UPS placed their drop boxes on the Franklin Street sidewalk. Therefore, Sawyer has met her 12(b)(6) burden as to the duty element of her claim

that FedEx and UPS forced pedestrians to encounter a dangerous condition by negligently placing their drop boxes in a manner which obstructed the sidewalk.

Likewise, the Court concludes the Complaint contains sufficient information which, if assumed true, permits a finding of proximate cause. Sawyer asserts that the placement of Defendants' drop boxes "forced her to walk on the defective border section of the sidewalk in order to avoid them" and also "required [her] to visually monitor the location of the drop boxes" in order to continue past them. (Compl. ¶¶ 16, 17.) Although a close question, whether the placement of drop boxes themselves constituted a hazardous condition that caused Sawyer's injuries is a question of fact which the Court cannot resolve at the motion to dismiss stage.

Sawyer's remaining theory of negligence – that defendants had a duty to monitor the area around their drop boxes and a duty to notify the sidewalk's owner of the need to repair it – is unsupported by factual assertions or citation to controlling law. While Sawyer opines that "[it] is reasonable to infer that company personnel visit the drop boxes on a frequent (if not daily) basis," (Pl.'s Resp. at 9) this is not an allegation made or referenced in her Complaint. Indeed, the complaint lacks information regarding any agents of FedEx or UPS and without more, Sawyer's conclusory allegation does not fulfill the factual requirements of a negligence claim. Accordingly, FedEx's Motion to Dismiss and UPS's Motion for Judgment on the Pleadings are both granted as to this theory only; namely, that FedEx and UPS breached a duty to periodically inspect the area around the drop boxes and notify the sidewalk's owner of the need to repair it.

## IV.   CONCLUSION

For the aforementioned reasons, the Court GRANTS IN PART and DENIES IN PART FedEx's Motion to Dismiss (ECF No. 13), DENIES FedEx's Motion For Oral Argument (ECF

No. 15), GRANTS IN PART and DENIES IN PART UPS's Motion for Judgment on the Pleadings (ECF No. 16), and GRANTS FedEx's Motion to Strike (ECF No.22).

SO ORDERED.

/s/  George Z. Singal
United States District Judge

Dated this 21st day of February, 2014.